UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MINKA LIGHTING, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>VAXCEL, INC., an Illinois Corporation,<br><br>Defendant. | ) | FILED: SEPTEMBER 23, 2008<br>Case No. 08CV5438<br>JUDGE MORAN<br>MAGISTRATE JUDGE KEYS<br>AO<br><br>JURY DEMANDED |

**COMPLAINT**

Plaintiff Minka Lighting, Inc. ("Minka") files this Original Complaint against Defendant Vaxcel International Co. Ltd. ("Vaxcel"), and for cause would show as follows:

**THE PARTIES**

1. Plaintiff Minka Lighting, Inc. ("Minka") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1151 West Bradford Court, Corona, California 92882.

2. On information and belief, Defendant Vaxcel is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 121 East North Ave., Carol Stream, Illinois 60188. Defendant Vaxcel may be served with process by serving its registered agent, Huichen Tang, at 621 Buttonwood Circle, Naperville, Illinois 60540.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because it is a civil action involving a federal question related to claims for patent infringement arising under the Patent Act, Title 35 of the United States Code.

4. This Court has personal jurisdiction over Defendant Vaxcel because it is not only a resident of this State, but also conducts business in this State, including without limitation, the manufacturing, distribution, use, importation, sale and/or offer for sale of infringing products in this State and this District. Based on Defendant Vaxcel's conduct of business in this State, and particularly in this District, Defendant Vaxcel should reasonably anticipate being hailed into court in this State.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(b) because a substantial part of the events giving rise to Minka's claims occurred in this District, including without limitation, the display, offer for sale and/or sale of the infringing products in this District; Defendant is subject to personal jurisdiction in this District; and Defendant has committed torts in whole or in part in this District.

## GENERAL ALLEGATIONS

6. Plaintiff Minka is in the business of designing, manufacturing, importing, distributing, marketing, offering to sell and/or selling high-quality home products, including ceiling fans. Minka sells its ceiling fans via authorized distributors located throughout the United States, including in this District.

7. Minka has invested substantial time, effort, skill, expense, and resources in designing and engineering its ceiling fans.

8. On information and belief, Defendant Vaxcel is also in the business of manufacturing, importing, distributing, marketing, offering to sell and/or selling ceiling fans. On information and belief, Defendant Vaxcel directly competes with Minka in the U.S. ceiling fan industry.

9. On information and belief, Defendant Vaxcel sells its ceiling fans to end consumers through authorized distributors throughout this State, as well as throughout the United States. On information and belief, Defendant's authorized distributors in this State and in this District offer for sale and sell Defendant's infringing ceiling fans.

**COUNT I**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D504,501**

10. Minka repeats and realleges the allegations of Paragraphs 1 through 9 as if fully set forth herein.

11. Minka is the sole owner of U.S. Patent No. D504,501 ("the '501 Patent") entitled "Ceiling Fan" issued on April 26, 2005. A true and correct copy of the '501 Patent is attached as Plaintiff's Exhibit 1 and incorporated by reference herein.

12. Minka offers for sale and sells ceiling fans embodied in the '501 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

13. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '501 Patent number.

14. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the '501 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans, including without limitation, item numbers FN52295BN and FN52296RZ (the "SILHOUETTE ceiling fans"). A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

15. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '501 Patent.

16. By reason of the Defendant's infringement, Plaintiff Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289, and injunctive relief pursuant to 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

**COUNT II**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D504,502**

17. Minka repeats and realleges the allegations of Paragraphs 1 through 16 as if fully set forth herein.

18. Minka is the sole owner of U.S. Patent No. D504,502 ("the '502 Patent") entitled "Combination Ceiling Fan and Light Fixture" issued on April 26, 2005. A true and correct copy of the '502 Patent is attached as Plaintiff's Exhibit 3 and incorporated by reference herein.

19. Minka offers for sale and sells ceiling fans embodied in the '502 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

20. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '502 Patent number.

21. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the '502 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

22. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '502 Patent.

23. By reason of the Defendant's infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D506,004

24. Minka repeats and realleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. Minka is the sole owner of U.S. Patent No. D506,004 ("the '004 Patent") entitled "Ceiling Fan Blade Iron Assembly" issued on June 7, 2005. A true and correct copy of the '004 Patent is attached as Plaintiff's Exhibit 4 and incorporated by reference herein.

26. Minka offers for sale and sells ceiling fans embodied in the '004 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

27. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '004 Patent number.

28. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the '004 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

29. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '004 Patent.

30. By reason of the Defendant's infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

## COUNT IV
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D508,124

31. Minka repeats and realleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

32. Minka is the sole owner of U.S. Patent No. D508,124 ("the '124 Patent") entitled "Ceiling Fan Blade Iron" issued on August 2, 2005. A true and correct copy of the '124 Patent is attached as Plaintiff's Exhibit 5 and incorporated by reference herein.

33. Minka offers for sale and sells ceiling fans embodied in the '124 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

34. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '124 Patent number.

35. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally or under the doctrine of equivalents, the claim of the '124 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

36. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '124 Patent.

37. By reason of the Defendant's infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

## RELIEF REQUESTED

Wherefore, Plaintiff Minka Lighting, Inc. prays for a judgment that:

A. Defendant has infringed and is infringing Minka's rights in the '501, '502, '004 and '124 Patents in violation of 35 U.S.C. § 271;

B. Minka be awarded damages adequate to compensate it for the actual damages it has suffered from Defendant's infringement of the '501, '502, '004 and '124 Patents, but not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

C. Defendant be ordered to pay pre-judgment interest to Minka on all amounts awarded and post-judgment interest until paid at the maximum lawful rate;

D. Defendant, its officers, agents, servants, employees, attorneys and all persons acting in concert or participation with them who receive actual notice of the Court's order, be preliminarily and permanently enjoined pursuant to 3 U.S.C. § 283 from:

a. directly or indirectly manufacturing, importing, using, offering for sale, selling, causing to be sold, or in any way distributing any ceiling fan that directly infringes the '501, '502, '004 and/or '124 Patents;

b. directly or indirectly manufacturing, importing, using, offering for sale, selling, causing to be sold, or in any way distributing any ceiling fan that infringes the

'501, '502, '004 and/or '124 Patents under the doctrine of equivalents; and

c. attempting, causing, or assisting any of the above-described acts.

E. The Court retain jurisdiction of this action for the purpose of enabling Minka to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; and for the punishment of any violations thereof;

F. Defendant be ordered to pay costs, disbursements and attorneys' fees to Minka, as provided by 35 U.S.C. § 285; and

G. Minka be awarded such other and further relief, at law or in equity, as the Court may deem just.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Minka Lighting, Inc. demands a trial by jury on all issues in the Original Complaint.

Dated: September 23, 2008

/s/ Daniel J. O'Connor
One of the Attorneys for Minka Lighting, Inc.

FIRM I.D. #28
BAKER & McKENZIE LLP
Daniel O'Connor
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2791
E-mail: daniel.j.oconnor@bakernet.com

BAKER & MCKENZIE LLP
Lisa H. Meyerhoff
Myall Hawkins
Pennzoil Place
711 Louisiana, Suite 3400
Houston, Texas 77002
(713) 427-5000
E-mail: lisa.meyerhoff@bakernet.com