**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MINKA LIGHTING, INC., a California Corporation,<br>Plaintiff,<br>v.<br>VAXCEL, INC., an Illinois Corporation,<br>Defendants. | Case No. 08 CV 5438<br><br>Judge James B. Moran<br><br>Magistrate Judge Arlander Keys |

**VAXCEL INTERNATIONAL CO., LTD.'S ANSWER AND COUNTERCLAIMS**

Defendant Vaxcel International Co., Ltd. ("Vaxcel International"), by its attorneys, hereby answers the Complaint of Plaintiff Minka Lighting, Inc. ("Minka"). To the extent that Minka's Complaint refers to "Vaxcel, Inc.," Vaxcel International treats this as a typographical error, and assumes that the Complaint was intended to name Vaxcel International rather than Vaxcel, Inc. Vaxcel International answers the Complaint as follows:

**THE PARTIES**

1. Plaintiff Minka Lighting, Inc. ("Minka") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1151 West Bradford Court, Corona, California 92882.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

2. On information and belief, Defendant Vaxcel is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 121 East North Ave., Carol Stream, Illinois 60188. Defendant Vaxcel may be served with process by serving its registered agent, Huichen Tang, at 621 Buttonwood Circle, Naperville, Illinois 60540.

**ANSWER:** Admitted that Vaxcel International is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 121 East North Ave., Carol Stream, Illinois 60188. Admitted that Vaxcel International's registered agent is Huichen Tang at 621 Buttonwood Circle, Naperville, Illinois 60540. Vaxcel International denies all remaining allegations of this paragraph.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because it is a civil action involving a federal question related to claims for patent infringement arising under the Patent Act, Title 35 of the United States Code.

**ANSWER:** Vaxcel International admits the allegations of this paragraph.

4. This Court has personal jurisdiction over Defendant Vaxcel because it is not only a resident of this State, but also conducts business in this State, including without limitation, the manufacturing, distribution, use, importation, sale and/or offer for sale of infringing products in this State and this District. Based on Defendant Vaxcel's conduct of business in this State, and particularly in this District, Defendant Vaxcel should reasonably anticipate being hailed into court in this State.

**ANSWER:** Vaxcel International admits that it is a resident of the State of Illinois and conducts business in the State of Illinois. Vaxcel International denies all remaining allegations of this paragraph.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(b) because a substantial part of the events giving rise to Minka's claims occurred in this District, including without limitation, the display, offer for sale and/or sale of the infringing products in this District; Defendant is subject to personal jurisdiction in this District; and Defendant has committed torts in whole or in part in this District.

**ANSWER:** Vaxcel International admits that it displays, offers for sale, and sells products in this District. Vaxcel International denies all remaining allegations of this paragraph.

## GENERAL ALLEGATIONS

6. Plaintiff Minka is in the business of designing, manufacturing, importing, distributing, marketing, offering to sell and/or selling high-quality home products, including ceiling fans. Minka sells its ceiling fans via authorized distributors located throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

7. Minka has invested substantial time, effort, skill, expense, and resources in designing and engineering its ceiling fans.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

8. On information and belief, Defendant Vaxcel is also in the business of manufacturing, importing, distributing, marketing, offering to sell and/or selling ceiling fans. On information and belief, Defendant Vaxcel directly competes with Minka in the U.S. ceiling fan industry.

**ANSWER:** Vaxcel International admits that it is in the business of manufacturing, importing, distributing, marketing, offering to sell and selling ceiling fans. Vaxcel International is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

9. On information and belief, Defendant Vaxcel sells its ceiling fans to end consumers through authorized distributors throughout this State, as well as throughout the United States. On information and belief, Defendant's authorized distributors in this State and in this District offer for sale and sell Defendant's infringing ceiling fans.

**ANSWER:** Vaxcel International admits that it sells ceiling fans to authorized distributors in Illinois and in other states. Vaxcel International is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

**COUNT I**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D504,501**

10. Minka repeats and realleges the allegations of Paragraphs 1 through 9 as if fully set forth herein.

**ANSWER:** Vaxcel International repeats and incorporates by reference its answers to the allegations of Paragraphs 1 through 9 as fully set forth herein.

11. Minka is the sole owner of U.S. Patent No. D504,501 ("the '501 Patent") entitled "Ceiling Fan" issued on April 26, 2005. A true and correct copy of the '501 Patent is attached as Plaintiff's Exhibit 1 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that a copy of U.S. Patent No. D504,501 is attached as Exhibit 1 to the Complaint. Vaxcel International is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

12. Minka offers for sale and sells ceiling fans embodied in the '501 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

13. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '501 Patent number.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

14. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the '501 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans, including without limitation, item numbers FN52295BN and FN52296RZ (the "SILHOUETTE ceiling fans"). A photograph of a

representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that it has made, used, imported, sold and offered for sale and is selling or offering for sale ceiling fans, including item numbers FN52295BN and FN52296RZ, under the name "Silhouette." Vaxcel International denies all remaining allegations of this paragraph.

15. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '501 Patent.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

16. By reason of the Defendant's infringement, Plaintiff Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289, and injunctive relief pursuant to 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

## COUNT II
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D504,502

17. Minka repeats and realleges the allegations of Paragraphs 1 through 16 as if fully set forth herein.

**ANSWER:** Vaxcel International repeats and incorporates by reference its answers to the allegations of Paragraphs 1 through 16 as fully set forth herein.

18. Minka is the sole owner of U.S. Patent No. D504,502 ("the '502 Patent") entitled "Combination Ceiling Fan and Light Fixture" issued on April 26, 2005. A true and correct copy of the '502 Patent is attached as Plaintiff's Exhibit 3 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that a copy of U.S. Patent No. D504,502 is attached as Exhibit 3 to the Complaint. Vaxcel International is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

19. Minka offers for sale and sells ceiling fans embodied in the ‘502 Patent under the trademark “PARISIAN.” Minka offers for sale and sells its patented “PARISIAN” ceiling fans throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

20. At all times relevant hereto, Minka has marked its “PARISIAN” ceiling fans with the ‘502 Patent number.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

21. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the ‘502 Patent, including without limitation, the “SILHOUETTE” line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff’s Exhibit 2 and incorporated by reference herein.

**ANSWER:** Admitted that Vaxcel International has made, used, imported, sold or offered for sale and is selling or offering for sale ceiling fans under the name “Silhouette.” Vaxcel International denies all remaining allegations in this paragraph.

22. On information and belief, the Defendant’s infringement occurred with actual or constructive knowledge of the ‘502 Patent.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

23. By reason of the Defendant’s infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys’ fees and expenses under 35 U.S.C. § 285.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

**COUNT III**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D506,004**

24. Minka repeats and realleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** Vaxcel International repeats and incorporates by reference its answers to the allegations of Paragraphs 1 through 23 as fully set forth herein.

25. Minka is the sole owner of U.S. Patent No. D506,004 ("the '004 Patent") entitled "Ceiling Fan Blade Iron Assembly" issued on June 7, 2005. A true and correct copy of the '004 Patent is attached as Plaintiff's Exhibit 4 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that a copy of U.S. Patent No. D506,004 is attached as Exhibit 4 to the Complaint. Vaxcel International is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

26. Minka offers for sale and sells ceiling fans embodied in the '004 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

27. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '004 Patent number.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

28. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the '004 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

**ANSWER:** Admitted that Vaxcel International has made, used, imported, sold or offered for sale and is selling or offering for sale ceiling fans under the name "Silhouette." Vaxcel International denies all remaining allegations in this paragraph.

29. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '004 Patent.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

30. By reason of the Defendant's infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

## COUNT IV
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D508,124

31. Minka repeats and realleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** Vaxcel International repeats and incorporates by reference its answers to the allegations of Paragraphs 1 through 30 as fully set forth herein.

32. Minka is the sole owner of U.S. Patent No. D508,124 ("the '124 Patent") entitled "Ceiling Fan Blade Iron" issued on August 2, 2005. A true and correct copy of the '124 Patent is attached as Plaintiff's Exhibit 5 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that a copy of U.S. Patent No. D508,124 is attached as Exhibit 5 to the Complaint. Vaxcel International is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

33. Minka offers for sale and sells ceiling fans embodied in the '124 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. Vaxcel International therefore denies all allegations in this paragraph.

34. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '124 Patent number.

**ANSWER:** Vaxcel International is without sufficient information to admit or deny the allegations of this paragraph. A Vaxcel International therefore denies all allegations in this paragraph.

35. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally or under the doctrine of equivalents, the claim of the '124 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

**ANSWER:** Admitted that Vaxcel International has made, used, imported, sold or offered for sale and is selling or offering for sale ceiling fans under the name "Silhouette." Vaxcel International denies all remaining allegations in this paragraph.

36. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '124 Patent.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

37. By reason of the Defendant's infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

## RESPONSE TO MINKA'S PRAYER FOR RELIEF

Vaxcel International denies that Minka is entitled to any form of the relief sought in the prayer for relief whatsoever. Further responding to Minka's Complaint, Vaxcel International alleges as follows:

## AFFIRMATIVE DEFENSES

Vaxcel International Co., Ltd. ("Vaxcel") asserts the following affirmative defenses and reserves the right to Amend its Answer as additional information becomes available.

### First Affirmative Defense
### (Non-Infringement of U.S. Design Patent No. D504,501)

38. The manufacture, use, sale, offer for sale, or importation into the United States of Vaxcel International's Silhouette ceiling fans, including without limitation, item numbers FN52295BN and FN52296RZ, does not and would not directly, indirectly, contributorily and/or by inducement infringe any claim of U.S. Design Patent No. D504,501 ("the '501 patent").

### Second Affirmative Defense
### (Non-Infringement of U.S. Design Patent No. D504,502)

39. The manufacture, use, sale, offer for sale, or importation into the United States of Vaxcel International's Silhouette ceiling fans, including without limitation, item numbers FN52295BN and FN52296RZ, does not and would not directly, indirectly, contributorily and/or by inducement infringe any claim of U.S. Design Patent No. D504,502 ("the '502 patent").

### Third Affirmative Defense
### (Non-Infringement of U.S. Design Patent No. D506,004)

40. The manufacture, use, sale, offer for sale, or importation into the United States of Vaxcel International's Silhouette ceiling fans, including without limitation, item numbers FN52295BN and FN52296RZ, does not and would not directly, indirectly, contributorily and/or by inducement infringe any claim of U.S. Design Patent No. D506,004 ("the '004 patent").

**Fourth Affirmative Defense**
**(Non-Infringement of U.S. Design Patent No. D508,124)**

41. The manufacture, use, sale, offer for sale, or importation into the United States of Vaxcel International's Silhouette ceiling fans, including without limitation, item numbers FN52295BN and FN52296RZ, does not and would not directly, indirectly, contributorily and/or by inducement infringe any claim of U.S. Patent No. D508,124 ("the '124 patent").

**Fifth Affirmative Defense**
**(Invalidity of U.S. Design Patent No. D504,501)**

42. Upon information and belief, the claims of the '501 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States code, including, but not limited to, utility, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, or are invalid pursuant to the judicial doctrine barring double patenting.

**Sixth Affirmative Defense**
**(Invalidity of U.S. Design Patent No. 504,502)**

43. Upon information and belief, the claims of the '502 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States code, including, but not limited to, utility, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, or are invalid pursuant to the judicial doctrine barring double patenting.

**Seventh Affirmative Defense**
**(Invalidity of U.S. Design Patent No. D506,004)**

44. Upon information and belief, the claims of the '004 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United

States code, including, but not limited to, utility, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, or are invalid pursuant to the judicial doctrine barring double patenting.

**Eighth Affirmative Defense**
**(Invalidity of U.S. Design Patent No. D508,124)**

45. Upon information and belief, the claims of the '124 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States code, including, but not limited to, utility, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, or are invalid pursuant to the judicial doctrine barring double patenting.

**Ninth Affirmative Defense**
**(Laches)**

46. Upon information and belief, Minka's claims for relief are barred by the doctrine of laches and/or equitable estoppel.

**COUNTERCLAIMS**

Vaxcel International Co., Ltd. ("Vaxcel International") by and through its attorneys, hereby pleads the following counterclaims against Minka Lighting, Inc. ("Minka"), as follows:

**Jurisdiction and Venue**

1. Minka asserts that it is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1151 West Bradford Court, Corona, California 92882.

2. Vaxcel International is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 121 East North Ave., Carol Stream, Illinois 60188.

3. These counterclaims arise under Article I, § 8, cl. 8, of the United States Constitution and the Patent Act of 1952, 35 U.S.C. § 1 *et seq.* Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. Minka asserts that it is the owner of the ’501, ’502, ’004, and ’124 patents.

5. Minka has charged Vaxcel, Inc. with infringing claims of the ’501, ’502, ’004, and ’124 patents. This charge created an actual controversy within the meaning of 28 U.S.C. § 2201, between Minka and Vaxcel International over the validity, enforceability, and infringement of the ’501, ’502, ’004, and ’124 patents.

6. This Court may declare the rights and legal relations of the parties pursuant to Sections 2201 and 2202 of Title 28 of the United States Code, because Vaxcel International’s counterclaims present an actual controversy within the Court’s jurisdiction that the patents asserted by Minka are not infringed, are invalid, and/or are unenforceable.

7. Venue for these Counterclaims is proper within this District.

**COUNT I**
**Declaratory Judgment of Non-Infringement of the ’501 Patent**

8. Vaxcel International realleges and incorporates by reference Paragraphs 1 through 7 of these Counterclaims.

9. The manufacture, use, sale, offer for sale, or importation of Vaxcel International’s Silhouette ceiling fans, including without limitation item numbers FN52295BN and

FN52296RZ, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the ’501 patent.

10. Vaxcel International is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of Vaxcel International’s Silhouette ceiling fans, including without limitation item numbers FN52295BN and FN52296RZ, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the ’501 patent.

## COUNT II
## Declaratory Judgment of Non-Infringement of the ’502 Patent

11. Vaxcel International realleges and incorporates by reference Paragraphs 1 through 7 of these Counterclaims.

12. The manufacture, use, sale, offer for sale, or importation of Vaxcel International’s Silhouette ceiling fans, including without limitation item numbers FN52295BN and FN52296RZ, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the ’502 patent.

13. Vaxcel International is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of Vaxcel International’s Silhouette ceiling fans, including without limitation item numbers FN52295BN and FN52296RZ, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the ’502 patent.

## COUNT III
## Declaratory Judgment of Non-Infringement of the ’004 Patent

14. Vaxcel International realleges and incorporates by reference Paragraphs 1 through 7 of these Counterclaims.

15. The manufacture, use, sale, offer for sale, or importation of Vaxcel International's Silhouette ceiling fans, including without limitation item numbers FN52295BN and FN52296RZ, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the '004 patent.

16. Vaxcel International is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of Vaxcel International's Silhouette ceiling fans, including without limitation item numbers FN52295BN and FN52296RZ, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the '004 patent.

**COUNT IV**
**Declaratory Judgment of Non-Infringement of the '124 Patent**

17. Vaxcel International realleges and incorporates by reference Paragraphs 1 through 7 of these Counterclaims.

18. The manufacture, use, sale, offer for sale, or importation of Vaxcel International's Silhouette ceiling fans, including without limitation item numbers FN52295BN and FN52296RZ, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the '124 patent.

19. Vaxcel International is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of Vaxcel International's Silhouette ceiling fans, including without limitation item numbers FN52295BN and FN52296RZ, has not infringed, does not infringe, and will not infringe any valid and/or enforceable claim of the '124 patent.

**COUNT V**
**Declaratory Judgment of Invalidity of the ’501 Patent**

20. Vaxcel International realleges and incorporates by reference Paragraphs 1 through 7 of these Counterclaims.

21. The claim of the ’501 patent is invalid for failure to satisfy one or more of the statutory requirements of the Patent Laws of the United States, Title 35 of the United States Code.

22. Vaxcel International is entitled to a judicial declaration that the claim of the ’501 patent is invalid.

**COUNT VI**
**Declaratory Judgment of Invalidity of the ’502 Patent**

23. Vaxcel International realleges and incorporates by reference Paragraphs 1 through 7 of these Counterclaims.

24. The claim of the ’502 patent is invalid for failure to satisfy one or more of the statutory requirements of the Patent Laws of the United States, Title 35 of the United States Code.

25. Vaxcel International is entitled to a judicial declaration that the claim of the ’502 patent is invalid.

**COUNT VII**
**Declaratory Judgment of Invalidity of the ’004 Patent**

26. Vaxcel International realleges and incorporates by reference Paragraphs 1 through 10 of these Counterclaims.

27. The claim of the ’004 patent is invalid for failure to satisfy one or more of the statutory requirements of the Patent Laws of the United States, Title 35 of the United States Code.

28. Vaxcel International is entitled to a judicial declaration that the claim of the ’004 patent is invalid.

**COUNT VIII**
**Declaratory Judgment of Invalidity of the ’124 Patent**

29. Vaxcel International realleges and incorporates by reference Paragraphs 1 through 10 of these Counterclaims.

30. The claim of the ’124 patent is invalid for failure to satisfy one or more of the statutory requirements of the Patent Laws of the United States, Title 35 of the United States Code.

31. Vaxcel International is entitled to a judicial declaration that the claim of the ’124 patent is invalid.

WHEREFORE, Vaxcel International prays that this Court enter judgment

A. Declaring that the manufacture, use, sale, offer for sale, or importation of Vaxcel International’s Silhouette ceiling fans, including without limitation item numbers FN52295BN and FN52296RZ, has not infringed, does not infringe, and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily) any valid or enforceable claim of the ’501, ’502, ’004, or ’124 patents.

B. Adjudging that all claims of the ’501, ’502, ’004, and ’124 patents are invalid.

C. Adjudging and decreeing that:

(1) Minka’s Complaint be dismissed with prejudice.

(2) Minka be denied all relief requested under its complaint.

(3) Judgment be awarded to Vaxcel International on all claims of the Complaint and Counterclaims.

(4) Vaxcel International be awarded its attorney's fees and costs;

(5) Awarding Vaxcel International such other relief as may be just and proper.

**JURY DEMAND**

Vaxcel International demands a trial by jury on all issues so trial

Dated: November 5, 2008

s/ Laura A. Lydigsen

Michael P. Chu
Mark H. Remus
Trevor K. Copeland
Laura A. Lydigsen
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
(312) 321-4200

*Attorneys for Vaxcel International Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2008, I caused a copy of foregoing document to be served on the following attorneys of record by First Class U.S. Mail and through the CM/ECF system:

Daniel O'Connor
BAKER & MCKENZIE LLP
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8000

Lisa H. Meyerhoff
Myall Hawkins
BAKER & MCKENZIE LLP
Pennzoil Place
711 Louisiana, Suite 3400
Houston, Texas 77002
(713) 427-5000
*Attorneys for Minka Lighting, Inc.*

s/ Laura A. Lydigsen