**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MINKA LIGHTING, INC., a California Corporation,<br>Plaintiff,<br>v.<br>VAXCEL, INC., an Illinois Corporation,<br>Defendant. | Case No. 08 CV 5438<br><br>Judge James B. Moran<br><br>Magistrate Judge Arlander Keys |

**VAXCEL INTERNATIONAL CO., LTD.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Vaxcel International Co., Ltd. ("Vaxcel International"), by its attorneys, hereby answers the Complaint of Plaintiff Minka Lighting, Inc. ("Minka"). To the extent that Minka's Complaint refers to "Vaxcel, Inc.," Vaxcel International treats this as a typographical error, and assumes that the Complaint was intended to name Vaxcel International rather than Vaxcel, Inc. This is an amendment to the original Answer and Affirmative Defenses.

**<u>THE PARTIES</u>**

1. Plaintiff Minka Lighting, Inc. ("Minka") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1151 West Bradford Court, Corona, California 92882.

**<u>ANSWER</u>:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

2. On information and belief, Defendant Vaxcel is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 121 East North Ave., Carol Stream, Illinois 60188. Defendant Vaxcel may be served with process by serving its registered agent, Huichen Tang, at 621 Buttonwood Circle, Naperville, Illinois 60540.

**ANSWER:** Admitted that Vaxcel International is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 121 East North Ave., Carol Stream, Illinois 60188. Admitted that Vaxcel International's registered agent is Huichen Tang at 621 Buttonwood Circle, Naperville, Illinois 60540. Vaxcel International denies all remaining allegations of this paragraph.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338 because it is a civil action involving a federal question related to claims for patent infringement arising under the Patent Act, Title 35 of the United States Code.

**ANSWER:** Vaxcel International admits the allegations of this paragraph.

4. This Court has personal jurisdiction over Defendant Vaxcel because it is not only a resident of this State, but also conducts business in this State, including without limitation, the manufacturing, distribution, use, importation, sale and/or offer for sale of infringing products in this State and this District. Based on Defendant Vaxcel's conduct of business in this State, and particularly in this District, Defendant Vaxcel should reasonably anticipate being hailed into court in this State.

**ANSWER:** Vaxcel International admits that this Court has personal jurisdiction over Vaxcel International because it is a resident of the State of Illinois and conducts business in the State of Illinois. Vaxcel International denies all remaining allegations of this paragraph.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(b) because a substantial part of the events giving rise to Minka's claims occurred in this District, including without limitation, the display, offer for sale and/or sale of the infringing products in this District; Defendant is subject to personal jurisdiction in this District; and Defendant has committed torts in whole or in part in this District.

**ANSWER:** Vaxcel International admits that it displays, offers for sale, and sells products in this District and that venue is proper in this District. Vaxcel International further admits that Vaxcel International is subject to personal jurisdiction in this District. Vaxcel International denies all remaining allegations of this paragraph.

## GENERAL ALLEGATIONS

6. Plaintiff Minka is in the business of designing, manufacturing, importing, distributing, marketing, offering to sell and/or selling high-quality home products, including ceiling fans. Minka sells its ceiling fans via authorized distributors located throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

7. Minka has invested substantial time, effort, skill, expense, and resources in designing and engineering its ceiling fans.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

8. On information and belief, Defendant Vaxcel is also in the business of manufacturing, importing, distributing, marketing, offering to sell and/or selling ceiling fans. On information and belief, Defendant Vaxcel directly competes with Minka in the U.S. ceiling fan industry.

**ANSWER:** Vaxcel International admits that it is in the business of manufacturing, importing, distributing, marketing, offering to sell and selling ceiling fans. Vaxcel International is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

9. On information and belief, Defendant Vaxcel sells its ceiling fans to end consumers through authorized distributors throughout this State, as well as throughout the United States. On information and belief, Defendant's authorized distributors in this State and in this District offer for sale and sell Defendant's infringing ceiling fans.

**ANSWER:** Vaxcel International admits that it sells ceiling fans to authorized distributors in Illinois and in other states. Vaxcel International is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

**COUNT I**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D504,501**

10. Minka repeats and realleges the allegations of Paragraphs 1 through 9 as if fully set forth herein.

**ANSWER:** Vaxcel International repeats and incorporates by reference its answers to the allegations of Paragraphs 1 through 9 as fully set forth herein.

11. Minka is the sole owner of U.S. Patent No. D504,501 ("the '501 Patent") entitled "Ceiling Fan" issued on April 26, 2005. A true and correct copy of the '501 Patent is attached as Plaintiff's Exhibit 1 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that a copy of U.S. Patent No. D504,501 is attached as Exhibit 1 to the Complaint. Vaxcel International is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

12. Minka offers for sale and sells ceiling fans embodied in the '501 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

13. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '501 Patent number.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

14. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the '501 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans, including without limitation, item numbers FN52295BN and FN52296RZ (the "SILHOUETTE ceiling fans"). A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that it has made, used, imported, sold or offered for sale and is selling or offering for sale ceiling fans, including item numbers FN52295BN and FN52296RZ, under the name "Silhouette." Vaxcel International denies all remaining allegations of this paragraph.

15. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '501 Patent.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

16. By reason of the Defendant's infringement, Plaintiff Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289, and injunctive relief pursuant to 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

## COUNT II
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D504,502

17. Minka repeats and realleges the allegations of Paragraphs 1 through 16 as if fully set forth herein.

**ANSWER:** Vaxcel International repeats and incorporates by reference its answers to the allegations of Paragraphs 1 through 16 as fully set forth herein.

18. Minka is the sole owner of U.S. Patent No. D504,502 ("the '502 Patent") entitled "Combination Ceiling Fan and Light Fixture" issued on April 26, 2005. A true and correct copy of the '502 Patent is attached as Plaintiff's Exhibit 3 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that a copy of U.S. Patent No. D504,502 is attached as Exhibit 3 to the Complaint. Vaxcel International is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

19. Minka offers for sale and sells ceiling fans embodied in the '502 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

20. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '502 Patent number.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

21. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the '502 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

**ANSWER:** Admitted that Vaxcel International has made, used, imported, sold or offered for sale and is selling or offering for sale ceiling fans under the name "Silhouette." Vaxcel International denies all remaining allegations in this paragraph.

22. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '502 Patent.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

23. By reason of the Defendant's infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

## COUNT III
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D506,004

24. Minka repeats and realleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

**ANSWER:** Vaxcel International repeats and incorporates by reference its answers to the allegations of Paragraphs 1 through 23 as fully set forth herein.

25. Minka is the sole owner of U.S. Patent No. D506,004 ("the '004 Patent") entitled "Ceiling Fan Blade Iron Assembly" issued on June 7, 2005. A true and correct copy of the '004 Patent is attached as Plaintiff's Exhibit 4 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that a copy of U.S. Patent No. D506,004 is attached as Exhibit 4 to the Complaint. Vaxcel International is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

26. Minka offers for sale and sells ceiling fans embodied in the '004 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

27. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '004 Patent number.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

28. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that infringe, literally and/or under the doctrine of equivalents, the claim of the '004 Patent, including without limitation, the "SILHOUETTE" line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff's Exhibit 2 and incorporated by reference herein.

**ANSWER:** Admitted that Vaxcel International has made, used, imported, sold or offered for sale and is selling or offering for sale ceiling fans under the name "Silhouette." Vaxcel International denies all remaining allegations in this paragraph.

29. On information and belief, the Defendant's infringement occurred with actual or constructive knowledge of the '004 Patent.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

30. By reason of the Defendant's infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys' fees and expenses under 35 U.S.C. § 285.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

**COUNT IV**
**INFRINGEMENT OF U.S. DESIGN PATENT NO. D508,124**

31. Minka repeats and realleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** Vaxcel International repeats and incorporates by reference its answers to the allegations of Paragraphs 1 through 30 as fully set forth herein.

32. Minka is the sole owner of U.S. Patent No. D508,124 ("the '124 Patent") entitled "Ceiling Fan Blade Iron" issued on August 2, 2005. A true and correct copy of the '124 Patent is attached as Plaintiff's Exhibit 5 and incorporated by reference herein.

**ANSWER:** Vaxcel International admits that a copy of U.S. Patent No. D508,124 is attached as Exhibit 5 to the Complaint. Vaxcel International is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

33. Minka offers for sale and sells ceiling fans embodied in the '124 Patent under the trademark "PARISIAN." Minka offers for sale and sells its patented "PARISIAN" ceiling fans throughout the United States, including in this District.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

34. At all times relevant hereto, Minka has marked its "PARISIAN" ceiling fans with the '124 Patent number.

**ANSWER:** Vaxcel International is without knowledge or information sufficient to form a belief about the truth of this allegation.

35. On information and belief, Defendant, without license from Minka, has made, used, imported, sold or offered for sale and is selling and/or offering for sale ceiling fans that

infringe, literally or under the doctrine of equivalents, the claim of the ‘124 Patent, including without limitation, the “SILHOUETTE” line of ceiling fans. A photograph of a representative infringing ceiling fan manufactured, imported, distributed, offered for sale and/or sold by Defendant is attached as Plaintiff’s Exhibit 2 and incorporated by reference herein.

**ANSWER:** Admitted that Vaxcel International has made, used, imported, sold or offered for sale and is selling or offering for sale ceiling fans under the name “Silhouette.” Vaxcel International denies all remaining allegations in this paragraph.

36. On information and belief, the Defendant’s infringement occurred with actual or constructive knowledge of the ‘124 Patent.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

37. By reason of the Defendant’s infringement, Minka is entitled to damages to the full extent authorized by 35 U.S.C. §§ 284 and 289 and injunctive relief as authorized by 35 U.S.C. § 283. Further, Minka is entitled to its attorneys’ fees and expenses under 35 U.S.C. § 285.

**ANSWER:** Vaxcel International denies all allegations of this paragraph.

## RESPONSE TO MINKA’S PRAYER FOR RELIEF

Vaxcel International denies that Minka is entitled to any form of the relief sought in the prayer for relief whatsoever. Further responding to Minka’s Complaint, Vaxcel International alleges as follows:

## AFFIRMATIVE DEFENSES

Vaxcel International Co., Ltd. (“Vaxcel”) asserts the following affirmative defenses and reserves the right to Amend its Answer as additional information becomes available.

### First Affirmative Defense
### (Invalidity of U.S. Design Patent No. D504,501)

38. Upon information and belief, the claims of the ’501 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United

States code, including, but not limited to, utility, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, or are invalid pursuant to the judicial doctrine barring double patenting.

**Second Affirmative Defense**
**(Invalidity of U.S. Design Patent No. 504,502)**

39. Upon information and belief, the claims of the ’502 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States code, including, but not limited to, utility, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, or are invalid pursuant to the judicial doctrine barring double patenting.

**Third Affirmative Defense**
**(Invalidity of U.S. Design Patent No. D506,004)**

40. Upon information and belief, the claims of the ’004 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States code, including, but not limited to, utility, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, or are invalid pursuant to the judicial doctrine barring double patenting.

**Fourth Affirmative Defense**
**(Invalidity of U.S. Design Patent No. D508,124)**

41. Upon information and belief, the claims of the ’124 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States code, including, but not limited to, utility, anticipation, obviousness, lack of enablement, lack of written description, and indefiniteness in accordance with 35 U.S.C. §§ 101, 102, 103, 112, or are invalid pursuant to the judicial doctrine barring double patenting.

**Fifth Affirmative Defense**
**(Laches)**

42. Vaxcel International has been offering for sale ceiling fans under the name "Silhouette" since at least as early as January 2006. Upon information and belief, Minka knew or reasonably should have known about its claim against Vaxcel International as early as January 2006. Upon information and belief, Minka delayed for an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of its claim against Vaxcel International, which operated to the material prejudice and/or injury of Vaxcel International. Minka's claims for relief should therefore be barred by the doctrine of laches.

43. Vaxcel International reserves the right to raise additional affirmative defenses, should discovery in this case warrant such action.

**JURY DEMAND**

Vaxcel International demands a trial by jury on all issues so triable.

Dated: November 21, 2008

s/ Laura A. Lydigsen

Michael P. Chu
Mark H. Remus
Trevor K. Copeland
Laura A. Lydigsen
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
(312) 321-4200

*Attorneys for Vaxcel International Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2008, I caused a copy of foregoing document to be served on the following attorneys of record by First Class U.S. Mail and through the CM/ECF system:

Daniel O'Connor
BAKER & MCKENZIE LLP
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8000

Lisa H. Meyerhoff
Myall Hawkins
BAKER & MCKENZIE LLP
Pennzoil Place
711 Louisiana, Suite 3400
Houston, Texas 77002
(713) 427-5000
*Attorneys for Minka Lighting, Inc.*

s/ Laura A. Lydigsen